UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

VINCENT J. KROCKA,

                Plaintiff,

      -v-                                  5:18-CV-830

MUTUAL OF NEW YORK
INSURANCE COMPANY,
also known as MONY,

                Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

APPEARANCES:                                OF COUNSEL:

VINCENT J. KROCKA
Plaintiff, Pro Se
49816-018
FCI Phoenix
37910 North 45th Avenue
Phoenix, AZ 85086

DRINKER, BIDDLE LAW FIRM           KATHERINE L. VILLANUEVA, ESQ.
Attorneys for Defendant
One Logan Square
18th and Cherry Streets
Philadelphia, PA 19103

DAVID N. HURD
United States District Judge

## **MEMORANDUM–DECISION and ORDER**

## I. **INTRODUCTION**

     After his insurance benefits were cut off on his 65th birthday, pro se plaintiff Vincent J.

Krocka ("Krocka" or "plaintiff"), a disbarred Illinois attorney incarcerated in federal prison in

Arizona for crimes he committed in Florida, filed this diversity action against defendant

Mutual of New York Insurance Company ("MONY" or "defendant") alleging a breach of the terms of a long-term disability policy plaintiff purchased from defendant in 1990. According to plaintiff, defendant is obligated to continue sending him $5,000-a-month disability payments until his 70th birthday, just under four years away.

MONY has moved under Federal Rule of Civil Procedure ("Rule") 12(b)(6) to dismiss Krocka's complaint. According to defendant, the applicable contractual provisions in the disability insurance policy purchased by plaintiff clearly and unambiguously demonstrate that plaintiff's benefits expired on his 65th birthday, not his 70th. Plaintiff opposes the motion, which has been fully briefed and will be decided on the basis of the submissions without oral argument.

## II. BACKGROUND

The following facts are taken from Krocka's complaint and attached exhibits and are assumed true for purposes of MONY's motion to dismiss.

In 1990, MONY issued to Krocka a member long-term disability insurance policy through plaintiff's affiliation with the Illinois State Bar Association (the "Policy"). As part of his application for coverage, plaintiff selected a $5,000 monthly payment as his desired income benefit in the event he ever became "disabled" within the meaning of the Policy. See Ex. 1 to Compl.

Krocka paid quarterly premiums to MONY until late 2003, when the parties agree he became disabled. Plaintiff requested coverage under the Policy and was approved by defendant in December of 2003. At that time, plaintiff was 51 years of age.[1]

---

[1] Krocka turned 65 on July 25, 2017.

The Policy itself is relatively short but contains a few key provisions that are relevant to the parties' present dispute. See Ex. 2 to Compl.[2] The Policy contains a Schedule that sets forth "the benefits provided and factors used to compute them." This Schedule explains that "the conditions and limitations governing benefit payments are expressed in the following provisions." Id. (emphasis added). The Schedule then provides as follows:

| Maximum Period of Payment: | Under 50* | 50-64* | 65-70* |
|---|---|---|---|
| | Lifetime | To 65th birthday but not less than 1 year | 1 year |

\* MEMBER'S AGE when Disability begins.

On the fourth page, the Policy's "definitions" section states that any income benefit payments will only be paid "up to the applicable Maximum Period of Payment shown in the Schedule"; that is, the provision set forth above.

In response to these provisions cited by MONY, Krocka emphasizes that the Policy's first page states that benefits are "non-cancellable" until "age 70 for any long term disability income benefit now in force." Plaintiff also points to page six, entitled "Termination of Member Insurance," which states that:

> "A MEMBER ceases to be insured . . . on the first of these to occur:
>
> 1. The premium due date as of which he fails to pay the premium . . . .
>
> 2. The January 1st which coincides with, or next follows, his 70th birthday."

---

[2] Plaintiff complains about not receiving certain information as part of his application but concedes the policy he attached to his complaint is "substantially similar" to the one he was issued in 1990. He does not identify any material distinctions.

- 3 -

On July 25, 2017, Krocka turned 65 and MONY stopped sending him the monthly disability income payment he had been receiving since late 2003. Plaintiff initially filed suit in the U.S. District Court for the District of Arizona, but his complaint was dismissed for lack of personal jurisdiction.

On July 13, 2018, Krocka re-filed his suit in this District.[3] Plaintiff seeks declaratory and injunctive relief.

## III. LEGAL STANDARD

"To survive a Rule 12(b)(6) motion to dismiss, the '[f]actual allegations must be enough to raise a right to relief above the speculative level.'" Ginsburg v. City of Ithaca, 839 F. Supp. 2d 537, 540 (N.D.N.Y. 2012) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). "Although a complaint need only contain 'a short and plain statement of the claim showing that the pleader is entitled to relief', FED. R. CIV. P. 8(A)(2), more than mere conclusions are required." Id. "Indeed, '[w]hile legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.'" Id. (quoting Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009)). "Dismissal is appropriate only where plaintiff has failed to provide some basis for the allegations that support the elements of his claims." Id.; see also Twombly, 550 U.S. at 570 (requiring "only enough facts to state a claim to relief that is plausible on its face").

"When ruling on a motion to dismiss, the court must accept as true all of the factual allegations contained in the complaint and draw all reasonable inferences in the

---

[3] Plaintiff asserts diversity jurisdiction on the ground that MONY is a New York corporation whose principal place of business is New York and the amount in controversy exceeds $75,000. Defendant does not appear to challenge that assertion and invites the Court to take judicial notice of the suit dismissed in Arizona.

non-movant's favor." Morris v. N.Y. State Police, 268 F. Supp. 3d 342, 459 (N.D.N.Y. 2017) (quoting Faiaz v. Colgate Univ., 64 F. Supp. 3d 336, 344 (N.D.N.Y. 2014)).  "In making this determination, a court generally confines itself to the 'facts stated on the face of the complaint, . . . documents appended to the complaint or incorporated in the complaint by reference, and . . . matters of which judicial notice may be taken.'"  Id. (quoting Goel v. Bunge, Ltd., 820 F.3d 554, 559 (2d Cir. 2016)).

## IV. DISCUSSION

MONY argues Krocka has failed to state a plausible breach of contract claim because the clear, unambiguous terms of the Policy required plaintiff's monthly income benefit to be terminated when he reached 65 years of age.  Plaintiff responds that the Policy's two references to being "non-cancellable" until age 70 (on the first page) or "terminating" at age 70 (on the sixth page) are ambiguous and "create the impression that would allow any policy holder to form an intent that he would continue to receive long term disability benefits until the insured reached the age of 70 years and possibly further . . . . "  Pl.'s Opp'n, Dkt. No. 20, 6.[4]

As an initial matter, though, a choice-of-law issue must be addressed.  Since federal jurisdiction in this case is based on diversity of citizenship, the choice-of-law rules of the forum state are applied.  Wausau Bus. Ins. Co. v. Horizon Admin. Servs. LLC, 803 F. Supp. 2d 209, 214 (E.D.N.Y. 2011) ("As this Court's jurisdiction is based on diversity, New York's choice of law analysis applies.").

---

[4] Pagination corresponds with CM/ECF.

In New York, these choice-of-law rules require courts to determine "which jurisdiction has the greatest interest in the litigation using a 'center of gravity' or 'grouping of contacts' approach." Wausau Bus. Ins. Co., 803 F. Supp. 2d at 214 (citing Maryland Cas. Co. v. Cont'l Cas. Co., 332 F.3d 145, 151 (2d Cir. 2003)).

MONY argues Illinois law should apply because Krocka was an Illinois domiciliary at the time he applied for the Policy and when it was later issued to him. Def.'s Mem., Dkt. No. 7-1, 6 & n.3. Plaintiff, for his part, appears to argue New York law should apply to the dispute. Pl.'s Opp'n at 11. Defendant replies that the elements of a breach of contract action are essentially the same regardless of whether Illinois or New York law is applied. Def.'s Reply, Dkt. No. 21, 3 & n.1.

In the choice-of-law context, "New York recognizes the precept that a court should apply 'the local law of the state which the parties understood was to be the principal location of the insured risk . . . unless with respect to the particular issue, some other state has a more significant relationship . . . to the transaction and the parties.'" Schwartz v. Liberty Mut. Ins. Co., 539 F.3d 135, 152 (2d Cir. 2008) (citing Restatement (Second) of Conflict of Laws § 193 (1971)).

"However, New York law also provides that courts need not undertake a choice of law analysis unless there is a conflict between the applicable laws of the relevant jurisdictions, and in the absence of a conflict, a court may apply the substantive law of the forum." Axis Ins. Co. v. Stewart, 198 F. Supp. 3d 4, 10 (N.D.N.Y. 2016) (citation and internal quotation marks omitted).

In this case, MONY is correct that there is no material difference between Illinois or New York law. Accordingly, the Court will follow Krocka's lead and apply New York law to

resolve this dispute. See, e.g., Lantheus Med. Imaging, Inc. v. Zurich A. Ins. Co., 255 F. Supp. 3d 443, 452 n.9 (S.D.N.Y. 2015) (applying forum law where "neither party assert[ed] that there [was] a meaningful difference between the two jurisdictions' laws with respect to the instant dispute" and collecting cases approving of this approach).

Upon review of the Policy, Krocka's breach of contract claim must be dismissed. The Schedule clearly and unambiguously explains that the "maximum period of payment" of an income benefit for an insured who became disabled at age 51, as plaintiff himself alleges he did, expires on the insured's 65th birthday. As defendant points out, plaintiff's references to age 70 on the first page and on the sixth page of the Policy refer to the maximum term of the policy's possible *coverage* rather than the term of benefits payable to an insured who becomes disabled during the policy's effective term. Def. Mem. at 7.

Beyond the fact that MONY's proffered construction of the Policy's terms is eminently sensible, Krocka's contrary offering has three glaring problems in the plausibility department.

First, plaintiff's assertion that he is entitled to continue to receive his benefits because page one of the Policy states that benefits are "non-cancellable" until "age 70 for any . . . benefit now in force" is by its own terms inapplicable to plaintiff—there was no benefit to him "now in force" at the time he was issued the policy in 1990.

Second, Krocka's citation to page six of the Policy, which refers to the timing of possible situations under which an insured member "ceases to be insured" under the Policy, has nothing to do with the termination of any income benefits a member may receive.

Third and finally, allowing the two references to age 70 offered by Krocka to trump all of the details set forth in the Schedule on page two would render the entire "maximum period of payment" provision totally superfluous.

## V. **CONCLUSION**

In sum, Krocka has failed to demonstrate a plausible breach of any of the Policy's applicable terms and therefore MONY's motion to dismiss will be granted.

Therefore, it is

ORDERED that

1. MONY's motion to dismiss is GRANTED; and

2. Krocka's complaint is DISMISSED.

The Clerk of the Court is directed to terminate any pending motions and close the file.

IT IS SO ORDERED.

_____
United States District Judge

Dated: October 30, 2018
       Utica, New York.